Chambers, J.,
dissents and votes to reverse the judgment, grant suppression of the physical evidence, and order a new trial with the following memorandum, in which Florio, J., concurs: I respectfully dissent. In my view, the People failed to meet the requirements of the emergency exception to the warrant requirement.
On July 11, 2009, at approximately 5:00 a.m., Nassau County Police Officer Robert Allen responded to a radio call of a man shot in the hand at the defendant’s house. Outside the house, Officer Allen was met by the defendant’s wife who, while still on the phone with the 911 operator, told him that the defendant had shot himself in the hand and was inside the house. Officer Allen, followed by Police Officer Ralph Swanson, entered the house and found the defendant at the end of a hallway bleeding from his hand. The defendant was ordered into the living room, frisked, and found to be unarmed. The defendant was questioned about the whereabouts of the gun, as Officer Allen knew that there were also three children in the house, but he gave varying answers as to the gun’s location.
At 5:10 a.m., Police Officer Nicholas Alvarado arrived at the scene and was briefed about the situation. He was told that there was a missing gun and that it needed to be secured so that no one was injured by it. Since there were already officers inside the house, Officer Alvarado went outside to search for the weapon. By that time, Officer Alvarado testified, it was clear that the children, who were in nightwear, did not have the weapon on them. In the backyard of the house, near a shed, Officer Alvarado found a black plastic bag with a gun inside. Officer Alvarado did not know the location of the children when he began his search, but noted that by the time he exited the backyard, the children were outside the house, sitting in a vehicle parked in the driveway. Officer Swanson testified that he removed everyone from the house after he had determined that it was safe to do so, which was after he had questioned the defendant about the gun’s whereabouts.
Under the emergency doctrine (see People v Mitchell, 39 NY2d 173 [1976], cert denied 426 US 953 [1976]), the police may make a warrantless intrusion into a protected area if three prerequisites are met: (1) the police must have reasonable grounds to believe that there is an emergency at hand and an immediate *953 need for their assistance for the protection of life or property; (2) the search must not be primarily motivated by intent to arrest and seize evidence; and (3) there must some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched (see People v Mitchell, 39 NY2d at 177-178). “This exception must be narrowly construed because it is susceptible of abuse and may be used to validate an otherwise unlawful arrest or seizure” (People v Guins, 165 AD2d 549, 552 [1991]; see People v Gallmon, 19 NY2d 389, 394 [1967], cert denied 390 US 911 [1968]).
In my view, the first and third prongs of the Mitchell standard were not satisfied. The scope and duration of a search must be limited by and reasonably related to the exigencies of the situation (see Mincey v Arizona, 437 US 385, 393 [1978] [“a warrantless search must be ‘strictly circumscribed by the exigencies which justify its initiation” ” (quoting Terry v Ohio, 392 US 1, 26 [1968])]; People v Dillon, 44 AD3d 1068, 1070 [2007]; People v Rielly, 190 AD2d 695 [1993]). The initial entry of the police into the house was justified, as the police had been summoned by the defendant’s wife to aid the defendant, who had just shot himself in the hand with a gun (see People v Thatcher, 9 AD3d 682 [2004]). That emergency was extended when the police learned that there were children in the house, and that they might be in possession of the gun. However, once the police frisked the defendant and knew that the children did not have the gun, the emergency abated. The actions of the police in checking the children for weapons and then keeping them under their watch effectively neutralized the emergency (see United States v Johnson, 22 F3d 674, 680 [6th Cir 1994] [once police had freed kidnap victim, the emergency was over]). The children could not have accessed a gun and injured someone while under police supervision (see Washington v United States, 585 A2d 167, 170 [DC Ct App 1991] [noting that with three officers present in the defendant’s bedroom and them having taken effective control over the situation, neither they nor any other persons could have been threatened by the possibility that the defendant would retrieve the gun and use it]). The evidence at the hearing was unclear as to when the officers were removing the children from the house relative to Officer Alvarado’s search for the gun, but vagueness in the People’s proof does not suffice to satisfy their burden of production (see People v Berrios, 28 NY2d 361, 367 [1971]; People v Mena, 269 AD2d 147, 148 [2000]; People v Sanders, 79 AD2d 688 [1980]). In any case, whether the children were inside the house or being removed from it at the time of Officer Alvardo’s search is of no significance, since the record established that prior to his search, the children did *954 not possess the gun and were being supervised by the police. The children, thus, were not in danger.
The nature of the emergency exception is that there is a compelling need for police action, but no time to secure a warrant (see Washington v Gregory, 1998 WL 267069, *2-3, 1998 Wash App LEXIS 773, *8 [Ct App Wash, Div 2 1998]; Washington v United States, 585 A2d at 170). If, after neutralizing the emergency, the police wanted to continue to ensure the safety of the children while they waited for judicial authorization to search the house for the gun, they could have secured the area by stationing an officer at the scene while applying for a warrant (see United States v Gooch, 6 F3d 673, 680 [9th Cir 1993] [search of tent on public property that resulted in recovery of firearm was not justified under exigent circumstances, as no one remained in the tent at the time of the search, and it would not have been difficult to prevent anyone from accessing the tent until a warrant was obtained]; United States v Goldenstein, 456 F2d 1006, 1010 [1972], cert denied sub nom. Ray v United States, 416 US 943 [1974] [justifiable emergency search was made in defendant’s hotel room, however, once shooter was determined not to be in room, the emergency was over; there was no reason then for the officer to search a suitcase in the room; the officer conceded that the room could have been sealed off or posted to prevent the defendant from making an entrance while a warrant was obtained]).
In addition, the People failed to satisfy the third prong of the Mitchell test, as there was no nexus between the area near the shed and the emergency. Whether the children were still inside the house or being moved outside it at the time of Officer Alvarado’s search, they could not have accessed the gun near the shed, particularly with several officers at the scene (see People v Rodriguez, 77 AD3d 280, 289 [2010] [holding that police had some reasonable basis, approximating probable cause, to associate the emergency with the inside of the subject apartment]; United States v Goldenstein, 456 F2d at 1010 [stating that the right to search emergency doctrine would under the circumstances be no greater than the right to search incident to a lawful arrest]).
Since I conclude that the People failed to satisfy the first and third prongs of the Mitchell standard, I need not reach the issue of the second prong and whether the New York State Constitution requires the retention of it (see People v Rodriguez, 77 AD3d at 284).
Accordingly, since the People did not satisfy the requirements of the Mitchell standard, I would grant suppression of the gun that was recovered and order a new trial.
*955 The defendant’s contention that the jury’s verdict was not supported by legally sufficient evidence is not preserved for appellate review and, in any event, is without merit. Moreover, the verdict of guilt was not against the weight of the evidence. In light of my determination, I need not address the defendant’s remaining contentions.